# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN KIRSCHBAUM,

    Petitioner,

vs.

D. W. NEVEN, et al.,

    Respondents.

Case No. 2:12-cv-01007-APG-PAL

**ORDER**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#5) and respondents' answer (#8). The court finds that relief is not warranted, and the court denies the petition.

Pursuant to a plea agreement, petitioner was convicted of conspiracy to commit burglary, burglary while in possession of a firearm, conspiracy to commit kidnaping, first-degree kidnaping, attempted first-degree kidnaping, conspiracy to commit robbery, two counts of robbery with the use of a deadly weapon, and possession of a firearm by an ex felon. Ex. 38 (#9). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 43 (#9).

Petitioner then filed a post-conviction habeas corpus petition in the state district court. Ex. 44 (#9). The state district court denied the petition. Ex. 48 (#9). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 50 (#9).

Petitioner then commenced this action, and the answer followed.

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 562 U.S. at 100. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 562 U.S. at 102.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 103.

The petition contains three grounds. Ground 1 is a claim that petitioner's guilty plea was involuntary and unknowing because petitioner was taking mental-health medication, which clouded

his judgment and had no effect upon the major depression that he was suffering at the time. Ground 2 contains multiple claims of ineffective assistance of trial counsel and appellate counsel. Ground 3 contains claims of cumulative error.

A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697. A claim of ineffective assistance of appellate counsel is evaluated the same way that a claim of ineffective assistance of trial counsel is evaluated. Miller v. Keeney, 882 F.2d 1428, 1433-34 (9th Cir. 1989).

The typical practice for this court is to evaluate the petition ground-by-ground. That would be inefficient in this case, because many of petitioner's grounds are repetitive with at most minor changes. The court would either be repeating itself or constantly referring back to other pages. Instead, the court will proceed through the Nevada Supreme Court's order in the habeas corpus appeal, paragraph by paragraph, and show how petitioner's current grounds for relief do not meet the standard required by 28 U.S.C. § 2254(d).[1]

Starting with the claims of ineffective assistance of trial counsel, the Nevada Supreme Court held:

> First, appellant claimed counsel was ineffective for failing to properly challenge the kidnapping charges [footnote 2: Appellant referred to "kidnapping charges" and thus appears to have been referring to the single count of kidnapping as well as the single count of attempted kidnapping.] as redundant and for failing to explain redundancy to appellant.

---

[1] The court does not need to address the Nevada Supreme Court's order on direct appeal. Petitioner raised two claims on direct appeal, that his guilty plea was involuntary and unknowing, and that his sentence was excessive in violation of the Eighth Amendment. The Nevada Supreme Court told petitioner to raise the guilty-plea claim in a state habeas corpus petition, which petitioner did. The Nevada Supreme Court denied the Eighth Amendment claim, and petitioner has not raised it in the current federal habeas corpus petition.

> Appellant failed to demonstrate prejudice. Appellant did not claim that but for counsel's errors, he would not have pleaded guilty but would have insisted on going to trial. Further, appellant received significant benefits in pleading guilty: The State dropped the deadly weapon enhancements in two of the charges to which appellant pleaded, dismissed one of appellant's three other pending felony cases, and agreed not so seek habitual criminal status that could have carried penalties of life without the possibility of parole. We therefore conclude that the district court did not err in denying these claims.

Ex. 50, at 2 (#9). The corresponding claim in the petition is ground 2(g). Based upon argument in the sentencing memorandum, it appears that petitioner is arguing that the counts of kidnaping and attempted kidnaping are redundant to the counts of robbery; petitioner argued in that memorandum for concurrent sentences. Ex. 36, at 4 (#9). The sentencing memorandum is the first time that the double-jeopardy issue arose in state-court proceedings.

In ground 2(g), petitioner also mentions that counsel did not challenge the deadly-weapon enhancements and the validity of the kidnaping charges. These statements are not part of ground 2(g) itself; petitioner is referring to other grounds in the petition. The court has reviewed the state-court record. Petitioner's guilty plea was part of a package deal that led to the dismissal of another pending felony case. Ex. 30, at 2 (#9). The kidnapping and attempted kidnapping counts originally were charged with the deadly-weapon enhancements. See Ex. 2 (#9). The deadly-weapon enhancements were dropped, saving petitioner a couple of consecutive sentences. Finally, the prosecution agreed not to seek an adjudication of petitioner as a habitual criminal, which carried a possible sentence of life imprisonment without the eligibility for parole.

On the other hand, the argument that the robbery and kidnaping charges were the same was weak. Petitioner and his co-defendant were charged with robbing a convenience store early in the morning. The person who was working there testified before the grand jury that she walked over to one of the robbers, who was posing as a customer, because the robber had asked a question about the coffee service. The robber then showed her a gun, took her to the back room of the store, and bound her with tape. Ex. 1 at 9-11 (#9). The clerk's boyfriend, who was an off-duty employee, was asleep in the store's break room. The clerk called out "Fire!" He ran out of the break room. One of the robbers hit him, tried to bind him with tape, but failed because not enough tape was left on the roll. Id. at 23 (#9). When kidnapping is incidental to another offense—robbery, in this case—it is necessary to prove either an increased risk of harm to the victim or an independent purpose or

-4-

1  significance. Doyle v. State, 921 P.2d 901, 910-11 (Nev. 1996), overruled on other grounds by
2  Kaczmarek v. State, 91 P.3d 16, 29 (Nev. 2004). In petitioner's case, he could have completed the
3  robbery simply by showing the clerk the gun and demanding that she hand over the money in the
4  cash register. Moving her to the back room and binding her was unnecessary to the completion of
5  the robbery. Petitioner has not shown that no fair-minded jurist could hold that either he would not
6  have pleaded guilty had counsel raised a double-jeopardy challenge earlier, or that he could have
7  received a better deal if that challenge was successful. Ground 2(g) is without merit.

> Second, appellant claimed counsel was ineffective for failing to investigate, prior to entering plea negotiations, appellant's mental state at the time he committed the crimes. Appellant further claimed that had counsel done so, he would have discovered that appellant's psychological conditions would have provided an insanity or incompetence defense or resulted in convictions for lesser-included offenses. Appellant failed to demonstrate deficiency or prejudice as he failed to support these claims with specific facts that, if true, would have entitled him to relief. Incompetence is not a defense, and appellant did not allege that he was "in a delusional state such that he [could not] know or understand the nature and capacity of his act [ ] or . . . that the act [was] not authorized by law." Finger v. State, 27 P.3d 66, 84-85 (2001). Further, not only did appellant fail to identify any lesser-included offenses, but he did not explain how their existence would have affected his decision to plead guilty in light of the substantial benefit he received in exchange for his guilty plea. We therefore conclude that the district court did not err in denying these claims.

15 Ex. 50, at 2-3 (#9). The corresponding claims in the federal petition are grounds 2(b), 2(c), and
16 2(e). Respondents note correctly that under Nev. Rev. Stat. § 178.400, a person who is mentally
17 incompetent at the time of trial may not be tried, but incompetence is not a defense to the crime
18 itself. Insanity is a defense, and the Nevada Supreme Court quoted the definition of insanity. The
19 Nevada Supreme Court correctly noted that petitioner did not allege any facts indicating that he was
20 delusional at the time of the robbery. To the contrary, the victims at the robbery testified before the
21 grand jury that the robbers had put a sign on the door of the convenience store stating that the
22 store's computer was down and that the store was closed temporarily, that one of the robbers had
23 shouted to the other that things were not going well and that they needed to leave, and that the
24 robbers had brought many tools with them. The facts of the case would not have led a reasonable
25 counsel to suspect that petitioner was insane. Petitioner has not shown how any fair-minded jurist
26 could have held other than the Nevada Supreme Court held. Grounds 2(b), 2(c), and 2(e) are
27 without merit.

> Third, appellant claimed counsel was ineffective for failing to ensure that appellant's guilty plea was entered into knowingly, voluntarily, and intelligently in light of appellant having been on psychotropic medications at the time. Appellant failed to demonstrate deficiency or prejudice as he failed to support this claim with specific facts that, if true, would have entitled him to relief. He did not state whether counsel was aware at the time of the guilty plea that appellant was medicated or that, if counsel was aware, appellant gave counsel any reason to believe that the medications would have affected his guilty plea. The mere fact that appellant was being medicated for mental health issues did not itself render his plea invalid. . . . Notably, appellant did not allege or demonstrate that he was incompetent to enter a guilty plea or, more specifically, that he did not understand the nature of the charges against him or that he was unable to assist counsel. . . . We therefore conclude that the district court did not err in denying this claim.

Ex. 50, at 4 (#9-7) (citations omitted). The corresponding claims in the federal petition are grounds 1, 2(a), 2(d), 2(n), and 2(o). Respondents note correctly that even now petitioner does not allege that counsel knew that petitioner was on mental-health medication, let alone that the medications could have affected his ability to enter a plea. Respondents also note correctly that petitioner has not proven that he actually was on medication at the time. Petitioner did not mention medication at the plea colloquy. See Ex. 33 (#9). Petitioner did not mention his pre-sentencing letter to the court that he was on medication. See Ex. 36, internal Ex. H (#9). Petitioner did not say at sentencing that he was on mental-health medication; to the contrary, he said that he had been addicted to pain pills, then addicted to methadone, but that he cleared up his head in the 19 months he had been in jail. See Ex. 37, at 10 (#9). Petitioner affirmatively stated in the written plea agreement that he was not under the influence of a controlled substance or other drug that would impair his mind. See Ex. 30 (#9). Under these circumstances, the Nevada Supreme Court reasonably applied Strickland. Grounds 1, 2(a), 2(d), 2(n), and 2(o) are without merit.

> Fourth, appellant claimed counsel was ineffective for failing to lay a foundation for "the eyewitness expert's testimony" or to consult with the expert and for failing to consult with a fingerprint or DNA expert regarding a soda bottle that would have pointed to a third suspect in the crimes. Appellant failed to demonstrate deficiency or prejudice as he failed to support these claims with specific facts that, if true, would have entitled him to relief. Appellant did not identify the "eyewitness expert" or what his testimony would have been. Further, appellant did not explain how the expert or the existence of a third defendant would have affected his decision to enter a guilty plea. We therefore conclude that the district court did not err in denying these claims.

Ex. 50, at 4 (#9). The court has reviewed ground 1(e) of the state habeas corpus petition. Ex. 44, at 12 (#9). The Nevada Supreme Court was correct in noting that petitioner did not identify the eyewitness expert or what the expert's testimony would be. The Nevada Supreme Court also was

-6-

correct in noting that petitioner did not explain how he would not have pleaded guilty if it was established that there was a third robber. Consequently, the Nevada Supreme Court reasonably applied <u>Strickland</u>. Ground 2(f), the corresponding claim in the federal habeas corpus petition, is without merit.

> Fifth, appellant claimed counsel was ineffective for failing to meaningfully test the deadly weapon enhancements. Appellant failed to demonstrate deficiency or prejudice as he failed to support this claim with specific facts that, if true, would have entitled him to relief. As evidence of his claim, appellant pointed to a statement in his sentencing memorandum asserting that the State would concede that some, if not all, of the guns used in the crime spree were toys. Appellant, who was charged in three other temporally related cases involving burglaries or robberies, some of which were armed, did not claim that the gun used in the instant crimes was a toy gun. We therefore conclude that the district court did not err in denying this claim.

Ex. 50, at 4-5 (#9). The corresponding claim in the federal petition is ground 2(i). Petitioner was a defendant in four temporally related cases. Case C241679 is the subject matter of the current federal petition. Cases C246440 and C246075A were the other two cases that were part of the guilty plea agreement. Case 08F01586X, which was still in the justice court when petitioner agreed to plead guilty, was dismissed under the agreement. In the prosecution's sentencing memorandum, the prosecution stated that in case C246440, the victim saw that petitioner was simulating that he had a gun concealed in a black duffel bag. Ex. 34, at 5 (#9). In that case, petitioner pleaded guilty to burglary, first-degree kidnapping, and robbery without any deadly-weapon enhancements. The prosecution made no other concessions in the sentencing memorandum. Furthermore, petitioner admitted in the plea hearing in this case that he was using a gun. Ex. 33, at 11-14 (#9). The Nevada Supreme Court reasonably applied <u>Strickland</u>. Ground 2(i) is without merit.

> Sixth, appellant claimed counsel was ineffective for failing to prepare appellant or to present any mitigation evidence at the sentencing hearing. Appellant failed to demonstrate deficiency or prejudice. His claims that counsel did not prepare appellant or call any witnesses were bare and naked as he did not say how counsel could have better prepared him, what witnesses counsel should have called, or how any of the above would have changed the outcome at sentencing. His remaining claims—that no mitigation evidence was presented, that he received a sentence of twenty years to life, and that the alleged triggerman received a lesser sentence—are repelled by the record. We therefore conclude that the district court did not err in denying these claims.

Ex. 50, at 5 (#9). The court has reviewed grounds 1(i) and 1(j) in the state habeas corpus petition. The Nevada Supreme Court noted correctly that petitioner did not allege how counsel should have prepared petitioner or what witnesses counsel should have called. The Nevada Supreme Court's

holding that other claims were belied by the record also is correct. Counsel prepared a sentencing memorandum, in which he described petitioner's fall into drug addition and to which he attached a letter from petitioner himself. See Ex. 36 (#9). Counsel argued the same at the sentencing hearing. Ex. 37, at 5-8 (#9). Petitioner did not receive a single sentence of life imprisonment with eligibility for parole starting after twenty years. See Ex. 38 (#9). If petitioner must spend a minimum of twenty years in prison, then it is due to how the sentences in this case and the other criminal cases were structured. As for the sentence of his co-defendant, that person received similar sentences for similar crimes. See Ex. 35 (#9). If petitioner's ultimate time in prison is greater than the time his co-defendant will spend, then it is because petitioner was convicted of more crimes than his co-defendant was. The Nevada Supreme Court reasonably applied Strickland. Grounds 2(j) and 2(k), the corresponding claims in the federal petition, are without merit.

> Seventh, appellant claimed counsel was ineffective for failing to object to a change in presiding judges between the change of plea and sentencing. Appellant failed to demonstrate deficiency or prejudice as his claim was belied by the record: The same judge took appellant's plea and sentenced him. We therefore conclude that the district court did not err in denying this claim.

Ex. 50, at 5 (#9). The Nevada Supreme Court is correct that the same judge took petitioner's plea and sentenced him. See Ex. 33, Ex. 37 (#9). The Nevada Supreme Court reasonably applied Strickland. Ground 2(l), the corresponding claim in the federal petition, is without merit.

> Eighth, appellant claimed counsel was ineffective for failing to explain to him the post-judgment relief available, causing him to miss important filing deadlines. Appellant failed to demonstrate deficiency or prejudice. Notably, trial counsel withdrew and was replaced with a new, court-appointed appellate counsel prior to the deadline for filing a direct appeal. Moreover, appellant filed a timely direct appeal and post-conviction petition for a writ of habeas corpus and thus failed to demonstrate a reasonable probability of a different outcome had he known of the deadlines earlier. We therefore conclude that the district court did not err in denying this claim.

Ex. 50, at 5-6 (#9). The Nevada Supreme Court was correct; all of petitioner's proceedings in state court were filed on time.[2] The Nevada Supreme Court applied Strickland reasonably. Ground 2(m), the corresponding claim in the federal petition, is without merit.

---

[2] Petitioner also commenced this action on time.

1       The Nevada Supreme Court then turned to petitioner's claims of ineffective assistance of

2 appellate counsel.

> First, appellant claimed that counsel was ineffective for improperly challenging his guilty plea on direct appeal and for not advising him on the proper vehicle for doing so. Appellant failed to demonstrate prejudice because the instant petition—in which petitioner has challenged the validity of his guilty plea—was a proper vehicle. . . . We therefore conclude that the district court did not err in denying this claim.

6 Ex. 50, at 6-7 (#9) (citations omitted). The Nevada Supreme Court ruled upon petitioner's

7 challenge to the validity of his guilty plea in the paragraph starting "Third," at pages 3-4 of that

8 same order, and thus petitioner did not suffer any prejudice. The Nevada Supreme Court applied

9 <u>Strickland</u> reasonably. Ground 2(p), the corresponding claim in the federal petition, is without

10 merit.

> Second, appellant claimed that counsel was ineffective for failing to communicate with appellant and seek his input during the appeal. Appellant failed to demonstrate prejudice as he failed to support these claims with specific facts that, if true, would have entitled him to relief. Appellant failed to state what additional claims counsel should have raised or how additional communication would have led to a reasonable probability of success on appeal. We therefore conclude that the district court did not err in denying these claims.

15 Ex. 50, at 7 (#9). Petitioner pleaded guilty, and that plea was a bar to any claim, under either state

16 law or federal law, that arose before the entry of the plea, other than a claim that the plea was

17 involuntary or unknowing. <u>See</u> <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973); <u>Webb v. State</u>, 91

18 Nev. 469 (1975). The direct appeal had two issues. First, petitioner challenged the validity of the

19 plea, which he should have raised, and later did raise, in a state habeas corpus petition. Second,

20 petitioner argued that his sentence was excessive in violation of the Eighth Amendment, and that

21 was not a claim barred by his guilty plea. The court has reviewed ground 2(g) of the state habeas

22 corpus petition, and petitioner did not allege what other grounds appellate counsel should have

23 raised other than the two that were raised. In ground 2(w) of the federal petition, which is the

24 corresponding claim, petitioner still does not allege what other grounds appellate counsel should

25 have raised. The Nevada Supreme Court applied <u>Strickland</u> reasonably, and ground 2(w) is without

26 merit.

> Third, appellant claimed counsel was ineffective for failing to communicate with and advise appellant after this court affirmed appellant's conviction on direct appeal. Specifically, appellant claimed counsel failed to discuss with appellant the possibility of a petition for

-9-

> rehearing or for en banc reconsideration, explain how the issuance of a remittitur from the direct appeal would trigger State and federal habeas deadlines and what those deadlines were, provide him with post-conviction legal forms, advise him of appellate claims that were available but not raised and of possible ineffective-assistance claims, or provide him with the trial and appellate records. Appellant failed to demonstrate deficiency or prejudice as he failed to support these claims with specific facts that, if true, would have entitled him to relief. Appellant failed to identify claims that he would have raised in a petition for rehearing or for en banc reconsideration. Appellant also failed to identify what federal filing deadlines he may have missed and, in light of his timely post-conviction habeas corpus petition, how he was prejudiced by any lack of forms or records. Moreover, appellant failed to demonstrate a reasonable probability of success had counsel acted in the manner appellant suggested. We therefore conclude that the district court did not err in denying these claims.

Ex. 50, at 7-8 (#9). As noted above, petitioner filed both his state habeas corpus petition and his federal habeas corpus petitions on time. He also used the correct forms. Regarding petitions for rehearing or en banc reconsideration after the decision on direct appeal, petitioner raised only one issue that was proper for direct appeal, that his sentence was excessive in violation of the Eighth Amendment. Petitioner does not allege what was wrong with the Nevada Supreme Court's decision, and he has not raised the issue itself in the federal habeas corpus petition. The Nevada Supreme Court reasonably applied <u>Strickland</u>. Grounds 2(q), 2(r), 2(s), 2(t), 2(u), 2(v), 2(x), the corresponding claims in the federal habeas corpus petition, are without merit.

Ground 3 contains two claims of cumulative error, one for the claims of ineffective assistance of trial counsel and one for the claims of ineffective assistance of appellate counsel. In ruling on the same issue, the Nevada Supreme Court held that even where petitioner had alleged sufficient facts of deficient performance by counsel, petitioner did not allege any facts showing that petitioner suffered prejudice. Ex. 50, at 6, 8 (#9). Based upon this court's analysis of the other grounds, this was not an unreasonable application of clearly established federal law. Ground 3 is without merit.

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

-10-

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The court concludes that this standard is not met for any of petitioner's grounds for relief, and the court denies a certificate of appealability.

Respondents ask the court to make a finding under Nev. Rev. Stat. § 209.451 that the repetitive grounds and the untrue grounds in the petition were presented for an improper purpose, thus making petitioner eligible for forfeiture of good-time credits. The court declines to make such a finding. While petitioner did include grounds that were repetitive or untrue, the court sees little distinction between petitioner's case and other pro se prisoners who do something similar. The Nevada Supreme Court was able to place petitioner's claims into groups of related claims and deal with them efficiently, and under 28 U.S.C. § 2254(d) this court's analysis followed a similar path. Furthermore, it is unclear what effect this would have. Petitioner is serving a sentence of life imprisonment with eligibility for parole after five years for first-degree kidnapping, and that is consecutive to a sentence of life imprisonment. As this court understands Nevada law, the good-time credits for that type of crime are applied to the maximum sentence. For a life sentence, the credits have no effect upon the duration of the sentence.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus (#5) is **DENIED**. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

Dated: August 4, 2015.

_____
ANDREW P. GORDON
United States District Judge